## W. J. STEPHENSON v. MARY A. MILLER ET AL.

1. MARRIED WOMAN. *Deed of trust. Ejectment by beneficiary.*
   If the trustee in a deed of trust by a married woman to secure her husband's debt has sold the land to the beneficiary, the latter can maintain ejectment.

2. SAME.  *Mortgage for husband's debt.  Rights of mortgagee.*
    The beneficiary, when in possession, is entitled only to the income
    until payment of the debt, or the death of the woman.
3. SAME.  *Mortgagee in possession.  Account.  Redemption.*
    The married woman can maintain a bill to redeem, or for an account
    against such beneficiary in possession.

ERROR to the Chancery Court of Prentiss County.

Hon. L. HAUGHTON, Chancellor.

*Robins & Allen* and *Finley & Selmon*, for the plaintiff in error.

Stephenson, by virtue of the deed in trust, was clearly entitled to the rents.  *Foxworth* v. *Magee*, 44 Miss. 430 ; *Erwin* v. *Hill*, 47 Miss. 675 ; *Dibrell* v. *Carlisle*, 48 Miss. 691 ; *Viser* v. *Scruggs*, 49 Miss. 705, 714 ; *McDuff* v. *Beauchamp*, 50 Miss. 531 ; *Hand* v. *Winn*, 52 Miss. 784.  If he was not entitled to possession, that defence should have been made in the ejectment suit, and is now *res adjudicata*.  *Carmichael* v. *Hunter*, 4 How. 308 ; *Pugh* v. *Holt*, 27 Miss. 461 ; *Agnew* v. *McElroy*, 10 S. & M. 552 ; *Rice* v. *King*, 7 Johns. 20 ; *Bagot* v. *Williams*, 3 B. & C. 235 ; *Brockway* v. *Kinney*, 2 Johns. 210 ; *Wheeler* v. *Van Houten*, 12 Johns. 311 ; *Lawson* v. *Shotwell*, 27 Miss. 630 ; *Johnson* v. *White*, 13 S. & M. 584 ; *Hodge* v. *Mitchell*, 27 Miss. 560 ; *Moody* v. *Harper*, 38 Miss. 599 ; *Manly* v. *Kidd*, 33 Miss. 141 ; *Stewart* v. *Stebbins*, 30 Miss. 66 ; *Miller* v. *Palmer*, 55 Miss. 323, 335.

*J. P. Carraway* and *B. B. Boone*, for the defendant in error.

The equity relied on in the bill could only be established in a court of chancery.  Stephenson held the legal title by purchase from the trustee, and a court of law would not take notice that he was entitled to the income alone.  Mrs. Miller's interest could not be affected by the ejectment suit, and it was unnecessary and improper to make the defence until its termination.  *Hill* v. *Billingsly*, 53 Miss. 111 ; *Wildy* v. *Bonney*, 35 Miss. 77 ; *Ham* v. *Schuyler*, 2 Johns. Ch. 140. Stephenson took the legal title subject to Mrs. Miller's equity, whereof, as a party in interest, he is chargeable with notice. The rights of parties to deeds of trust are within the jurisdiction of Chancery Courts, especially where equity causes such

instruments to speak a language different from that used in them. In several cases involving charges on the separate estates of married women, this court has stated that their rights were peculiarly of equitable cognizance.

CHALMERS, J., delivered the opinion of the court.

Mrs. Miller, jointly with her husband, executed a trust-deed on her separate real estate to secure a promissory note of her husband, held by W. J. Stephenson. Default in payment having occurred, a sale of the land was made by the trustee, and the creditor, Stephenson, became the purchaser. He brought an action of ejectment on the deed received from the trustee and recovered judgment. A writ of *habere facias possessionem* having issued, this bill was filed by Mrs. Miller to enjoin the execution of the writ and to cancel the deed delivered by the trustee. If we gather correctly the theory upon which it is framed, it is that a creditor of the husband holding a trust-deed or mortgage upon the separate estate of the wife is never entitled to possession of the property, but must resort to a court of equity, and have it placed in the hands of a receiver, so that the income may thus be applied to the payment of the debt. This theory is correct only to the extent that where the creditor resorts to a court of equity for a foreclosure, as he may always do, the court, instead of going through the empty formality of making a sale which will convey only the income, will accomplish the same result more satisfactorily and beneficially to all parties by putting the property in the hands of a receiver. But when the wife has conveyed the legal title, or has authorized a trustee to do so for her by an act *in pais*, she must be held to have contemplated the legal consequences of her own act, so far as she is by law empowered to accomplish them. Her grantee therefore is clothed with the legal title, and with the right to subject the rents and profits of the property to the payment of his debt. He has not acquired ownership of the land, but he occupies, or is entitled to occupy, the position of a mortgagee in possession. His deed is only a mortgage, but having become by the act of the woman invested with the legal title, and the law constituting the instrument a conveyance of the

rents and profits, there can be no reason for denying him the right to enter and thus become his own receiver. He will hold of course only for the enjoyment of the income, and will be liable to all the burdens of a mortgagee in possession and accountable as such. The married woman will have the right to redeem at any time, and whenever she has reason to believe that the income, or fair rental value of the property, has extinguished the debt, she can file her bill for an account. The creditor's right of possession will, in any event, terminate at her death, *Reed* v. *Coleman,* 51 Miss. 835 ; and during its continuance he will be bound to the same measure of diligence in taking care of the property and making it productive as any other mortgagee in possession. In this case, the sale by the trustee had no other effect than to transfer the legal title and enable the creditor to bring ejectment. He still remains, in the eyes of a court of equity, a mere mortgagee of the income ; but, if the property had been purchased at the trustee's sale by a stranger without notice of the wife's rights, different and perhaps more difficult questions might arise. It would seem most unwise for a married woman to permit such a sale to take place, or to consent that incumbrances of her property for her husband's debts should assume the form of absolute conveyances.

　　　　*Decree reversed, and bill dismissed without prejudice.*